IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Lee Phillips, ) | C/A No.: 1:24-1949-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sergeant Miles Perkins; Sergeant ) | |
| Steven Fleshman; Sergeant ) | |
| Nicholas Beach; Sergeant Brittany ) | |
| Johnson; Sergeant Steven Taylor; ) | |
| Lieutenant Allen; Lieutenant ) | |
| Swisher; Lieutenant Jason ) | REPORT AND |
| Watkins; Warden Kenneth Nelson; ) | RECOMMENDATION |
| Associate Warden Joseph Canning ) | |
| III; Captain Campisi; Major ) | |
| Dwayne Hingleton; Correctional ) | |
| Officer Crim; Correctional Officer ) | |
| Michael Duffy; Correctional Officer ) | |
| Burt; Nurse Practitioner Evelyn ) | |
| May, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Joshua Lee Phillips ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against defendants related to his incarceration at Broad River Correctional Institution while in the custody of the South Carolina Department of Corrections ("SCDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff submitted a document entitled "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order" seeking a court order restraining defendants from various actions, including physically and sexually assaulting him. [ECF No. 3]. Plaintiff attaches affidavits he signed detailing alleged actions and inactions and behavior of defendants. [ECF No. 1-2]. More specifically, he alleges Perkins and Fleshman sexually assaulted him on June 16, 2022. *Id.* at 7–10. He further alleges Fleshman assaulted him on August 18, 2022, in retaliation for reporting the June 16, 2022 sexual assault. *Id.* at 15–17.

Plaintiff also alleges Perkins threatened to kill him on December 5, 2023, and had to be restrained by other SCDC employees, but continues to work as a correctional officer. *Id.* at 18–20. He also alleges a lack of access to the legal computer or to a notary on March 6 and 12, 2024. *Id.* at 24–30.

On May 29, 2024, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his filing and permitting him until June 17, 2024, to file an amended complaint. [ECF Nos. 6, 7]. Plaintiff requested an extension and was permitted until July 18, 2024, to respond to the court's orders. [ECF nos. 12, 13]. On July 19, 2024, Plaintiff filed a motion for a preliminary injunction and temporary restraining order arguing that "due to

the seriousness of this suit and due to the fact that once Defendants are served, [Plaintiff] would be retaliated against even more with more cruel and unusual punishment." [ECF No. 15]. Plaintiff further alleges he was "beat and retaliated against and forced to drop the suit the first time he filed." *Id.*

II.  Discussion

    A.  Standard of Review

A party seeking a preliminary injunction or TRO must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] The party must make clear showings as to the first and second elements. *Winter*, 555 U.S. at 19–22; *Real Truth*, 575 F.3d at 345–47. The court may only consider whether the balance of equities

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See Real Truth*, 607 F.3d 355 (4th Cir. 2010).

tips in favor of the party seeking injunctive relief after he has satisfied the first two elements. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must be particularly mindful of the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

    B.    Analysis

Plaintiff has not shown he is likely to succeed on the merits. Plaintiff has previously brought an action addressing the June 16 and August 22, 2022 incidents. *See Phillips v. Perkins* ("*Phillips I*"), C/A No. 1:23-136-JD. In *Phillips I*, Plaintiff moved to voluntarily dismiss the case on April 24, 2023. [ECF No. 31 in *Phillips I*]. Defendants in *Phillips I*[3] responded to Plaintiff's motion to dismiss consenting if it was dismissed with prejudice or "that the Court include in its Order a condition for Plaintiff to pay all or part of the costs of this action prior to bringing the same claims against the same parties pursuant to Rule 41(d)." [ECF No. 32 in *Phillips I*]. Plaintiff did not file a reply. On May 30, 2023, the undersigned issued a Report and Recommendation ("R&R") recommending *Phillips I* "be dismissed without prejudice, but with the condition that if

---

[2] The court in *Real Truth* relied on *Winter* in expressly rejecting and overruling *Blackwelder's* sliding scale approach that formerly allowed a party to obtain an injunction with a strong showing of a probability of success even if she demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

[3] Defendants Beach, Allen, and Burt were not defendants in *Phillips I*.

4

plaintiff refiles the same claims against some or all of Defendants, Defendants are entitled to some or all costs incurred by Defendants in this action." [ECF No. 33 in *Phillips I*]. Although the undersigned addressed this in the May 29, 2024 Order and Notice, Plaintiff has not acknowledged it, save for alleging he was forced to drop the case. If Plaintiff was not successful in his prior case, he cannot show he is likely to succeed on the merits of this case.

Further, Plaintiff cannot show he is likely to suffer irreparable harm in the absence of such relief. Plaintiff claims once defendants are served they will beat him and retaliate against him. However, Plaintiff submitted an affidavit indicating that he placed a copy of his "Order To Show Cause For Preliminary Injunction And Temporary Restraining Order" in the mail to be sent to each defendant mentioned by name. [ECF No. 1-2 at 2]. Therefore, assuming his affidavit is truthful, Plaintiff has not shown that further harm will befall him if a TRO or preliminary injunction is not issued.

Plaintiff has not shown that the balance of equities tips in his favor. Plaintiff's allegations of sexual assault and excessive force are already unlawful without a court order. Plaintiff's more generalized allegations regarding conditions of confinement are not clear violations. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. S*ee Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980)

(discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

Finally, Plaintiff has not shown that a TRO or preliminary injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions where the record contains only Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's motion for a TRO or preliminary injunctive relief be denied.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for a preliminary injunction and temporary restraining order [ECF No. 15] be denied. Further, it is recommended Plaintiff be ordered to comply with the undersigned's May 29, 2024 orders within three weeks of the district judge's order and be warned that failure to comply with result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41.

IT IS SO RECOMMENDED.

August 29, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).